**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  310 928 1277

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **STEFFAN BULGER, individually** and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SHIMMICK CONSTRUCTION COMPANY, INC. and DOES #1 through #10, inclusive,**<br><br>Defendants. | **Case No. 8:22-cv-01756**<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>1. Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)<br>2. Failure to pay overtime compensation (New Jersey State Wage and Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.*)<br>3. Failure to pay wages (New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 *et seq.*)<br><br>**Jury Trial Demanded** |

## SUMMARY

1. Plaintiff Steffan Bulger works for Defendant Shimmick Construction Company, Inc. ("Shimmick") as a Rail Traffic Controller and Assistant Train Master.

2. The nature of Bulger's working relationship with Shimmick is that of an employer-employee, and he is entitled to the benefits of an employee under the FLSA and New Jersey law.

3. Bulger regularly works overtime while working for Shimmick.

4. Shimmick pays Bulger the same hourly rate for all hours worked including those in excess of 40 in a workweek.

5. Shimmick does not pay Bulger a salary.

PARMET PC

6.      Shimmick does not guarantee Bulger a salary.

7.      Shimmick does not pay Bulger proper overtime.

8.      Bulger and the other hourly employees are similarly situated for the purposes of the FLSA and New Jersey law.

9.      Bulger seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA and New Jersey law.

## JURISDICTION & VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

11.     The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

13.     Venue is also proper in this Court because Shimmick is headquartered in this District and Division.

## PARTIES

14.     Bulger has worked for Shimmick as a Rail Traffic Controller and Assistant Train Master since July 1, 2020.

15.     Throughout his employment with Shimmick, Bulger has been paid the same hourly rate for all hours worked including those in excess of 40 in a workweek.

16.     Bulger's consent to be a party plaintiff is attached as Exhibit A.

17.     Bulger brings this action on behalf of himself and all other similarly situated workers were paid by Shimmick's straight time for overtime system, regardless of job title.

18.     Shimmick did not pay these workers overtime for all hours that they worked in excess of 40 hours in a workweek, as required by the FLSA or New Jersey law.

19.     Bulger represents at least two classes of similarly situated co-workers.

20.     Bulger represents a collective of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Collective is defined as:

**All current and former employees of Shimmick working in the United States since November 1, 2020, who were paid "straight time for overtime."**

21.     Second, Bulger represents a class of similarly situated hourly employees under New Jersey law pursuant to Federal Rule of Civil Procedure 23. The New Jersey Class is defined as:

**All current and former employees of Shimmick working in New Jersey since November 1, 2020, who were paid "straight time for overtime."**

22.     Collectively, the FLSA Collective Members and New Jersey Class Members are referred to as the "Similarly Situated Employees."

23.     Shimmick is a California corporation.

24.     Shimmick is headquartered in this District and Division.

25.     Shimmick may be served by serving its registered agent, **CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833**, or by any other method authorized by law.

26.     Bulger is informed and believes and on that basis alleges, that at all relevant times Shimmick and Defendants Does #1 through #10 were affiliated, and each was the principal, agent, servant, partner, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor or predecessor in interest, joint ventures, and/or joint enterprises of one or more of Defendants.

27.     Shimmick and Defendants Does #1 through #10 employed and/or jointly employed Bulger and the Similarly Situated Workers.

28.     Shimmick and Defendants Does #1 through #10 are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

29.     Shimmick and Defendants Does #1 through #10 are joint employers for purposes of California law.

30.     Bulger is unaware of the true names of Defendants Does #1 through #10, and so Bulger sues those Defendants under said fictitious names pursuant to California Code of Civil Procedure section 474. *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 802 (9th Cir. 1986).

**PARMET PC**

31.     Bulger will amend this Complaint to show the true names and capacities of such fictitiously named Defendants after the same has been ascertained.

32.     Because the true names of Defendants Does #1 through #10 are currently unknown to him, Bulger refers to such Defendants in this lawsuit collectively with their non-fictitiously named joint employers as "Shimmick" and/or "Defendant" throughout this Complaint.

## COVERAGE UNDER THE FLSA

33.     For at least the past three years, Shimmick has been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34.     For at least the past three years, Shimmick has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

35.     For at least the past three years, Shimmick has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as construction equipment, laptops, and cell phones – that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

36.     For at least the past three years, Bulger and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce.

## FACTS

37.     As of January 2021, Shimmick began operating as an independent company.

38.     Prior to January of 2021, Shimmick was a subsidiary of AECOM.

39.     Shimmick now operates as an independent company with commitment to water, transportation, and transit projects.

40.     Bulger is one of Shimmick's transit project employees.

41.     Bulger has worked for Shimmick since July of 2021.

42.     Bulger has worked for Shimmick in New Jersey.

43.     Shimmick staffs Bulger to the New Jersey Transit Corporation.

44.     Shimmick pays Bulger by the hour.

45.     Bulger reports the hours he worked to Shimmick on a regular basis.

46.     Bulger is not guaranteed a salary.

47.     If Bulger works fewer than 40 hours, he is only paid for the hours he works.

48.     Bulger regularly works over 40 hours.

49.     Rather than receiving time and half as required by the FLSA, Bulger only received "straight time" pay for overtime hours worked.

50.     Shimmick's "straight time for overtime" payment scheme violates the FLSA.

51.     Shimmick was and is aware of the overtime requirements of the FLSA.

52.     Shimmick was a part of AECOM which was sued for this same pay practice.

53.     Shimmick continued to pay straight time for overtime when it became an independent company.

54.     Shimmick nonetheless fail to pay certain employees, such as Bulger, overtime.

55.     Shimmick's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

56.     Shimmick's illegal "straight time for overtime" policy extends well beyond Bulger.

57.     It is the "straight time for overtime" payment plan that is the "common policy or plan that violate[s] the law." (*McDonald v. Ricardo's on the Beach, Inc.*, No. CV 11-93366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) [internal quotations omitted].)

58.     Shimmick has paid numerous hourly workers according to the same unlawful scheme.

59.     Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

60.     The workers impacted by Shimmick's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

61.     The illegal practices Shimmick imposed on Bulger were likewise imposed on the New Jersey Class members.

62.     Numerous other individuals who worked for Shimmick were not properly compensated for all hours worked, as required by New Jersey law.

63.     The New Jersey Class is so numerous that joinder of all members of the class is impracticable.

64.     Shimmick imposed uniform practices and policies on Bulger and the New Jersey Class members regardless of any individualized factors.

65.     Based on her experience and tenure with Shimmick, Bulger is aware that Shimmick's illegal practices were imposed on the New Jersey Class members.

66.     New Jersey Class members were all not paid their proper overtime when they worked in excess of 40 hours per week.

67.     Shimmick's failure to pay wages and overtime compensation in accordance with New Jersey law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the New Jersey Class members.

68.     Bulger's experiences are therefore typical of the experiences of the New Jersey Class members.

69.     Bulger has no interest contrary to, or in conflict with, the members of the New Jersey Class. Like each member of the proposed class, Bulger has an interest in obtaining the unpaid wages and other damages owed under the law.

70.     A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71.     Absent this action, many New Jersey Class members likely will not obtain redress of their injuries and Shimmick will reap the unjust benefits of violating New Jersey law.

72.     Furthermore, even if some of the New Jersey Class members could afford individual litigation against Shimmick, it would be unduly burdensome to the judicial system.

73.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

**PARMET PC**

74.     The questions of law and fact common to each of the New Jersey Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

          a.     Whether Shimmick paid Bulger and the New Jersey Class members overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

          b.     Whether Shimmick's failure to pay overtime at the rates required by law violated New Jersey's wage and hour laws;

          c.     Whether Bulger and the New Jersey Class members were paid all wages due within the periods of time allowed by the NJWPL;

          d.     Whether Shimmick's failure to timely pay wages due to Bulger and the New Jersey Class members violated the NJWPL; and

          e.     Whether Shimmick's NJWPL violations were committed knowingly.

75.     Bulger's claims are typical of the New Jersey Class members. Bulger and the New Jersey Class members have all sustained damages arising out of Shimmick's illegal and uniform employment policies.

76.     Bulger knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

77.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA AS TO BULGER AND THE FLSA COLLECTIVE

78.     Bulger incorporates the allegations set forth in paragraphs 1 to 77.

79.     Shimmick has violated, and are violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating hourly employees straight time for overtime in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer

than 40 hours without compensating the FLSA Collective Members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

80.     When Shimmick was part of AECOM, it was sued for the same pay practice.

81.     Shimmick has not performed any audit or investigation of the straight time for overtime pay practice and whether it constitutes a guaranteed salary.

82.     Shimmick has not performed any audit or investigation of whether Bulger or the FLSA Collective Members were exempt under the FLSA.

83.     Shimmick knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective Members overtime compensation.

84.     Shimmick's failure to pay overtime compensation to these FLSA Collective Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

85.     Accordingly, Bulger and the FLSA Collective Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE NJSWHL AS TO BULGER AND THE NEW JERSEY CLASS

86.     Bulger incorporates the allegations set forth in paragraphs 1 to 77.

87.     The conduct alleged in this Complaint violates the NJWHL.

88.     Shimmick was and is an "employer" within the meaning of the NJWHL.

89.     At all relevant times, Shimmick employed Bulger and the other New Jersey Class members as "employees" within the meaning of the NJSWHL.

90.     The NJSWHL, N.J. Stat. Ann. § 34:11-56a4(b), requires an employer like Shimmick to pay overtime to all non-exempt employees.

91.     Bulger and the other New Jersey Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

92.     The NJSWHL, N.J. Stat. Ann. § 34:11-56a4(b), requires overtime to be paid at a rate of no less than 1.5x the employee's regular hourly rate for each hour of working time in excess of 40 each week.

93.     Within the applicable limitations period, Shimmick had a policy and practice of failing to pay proper overtime to the New Jersey Class members for their hours worked in excess of 40 hours per week.

94.     As a result of Shimmick's failure to pay proper overtime to Bulger and the New Jersey Class members for work performed in excess of 40 hours in a workweek, Shimmick violated the NJSWHL.

95.     Bulger and the New Jersey Class members are entitled to overtime wages under the NJSWHL in an amount equal to 1.5x their rates of pay, liquidated damages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJSWHL, N.J. Stat. Ann. § 34:11-56a25, and the New Jersey Administrative Code, § 12:56-1.5.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE NJWPL AS TO BULGER AND THE NEW JERSEY CLASS

96.     Bulger incorporates the allegations set forth in paragraphs 1 to 77.

97.     The conduct alleged in this Complaint violates the NJWPL.

98.     Shimmick was and is an "employer" within the meaning of the NJWPL. N.J. Stat. Ann. § 34:11-4.1(a).

99.     At all relevant times, Shimmick employed Bulger and the other New Jersey Class members as "employees" within the meaning of the NJWPL. N.J. Stat. Ann. § 34:11-4.1(b).

100.    Bulger and the other New Jersey Class members' earned wages for their work for Shimmick includes all monetary compensation for their labor and services. N.J. Stat. Ann. § 34:11-4.1(c).

101.    The NJWPL requires an employer like Shimmick to pay the full amount of wages due to each employee at least twice each month on regular, pre-designated paydays. N.J. Stat. Ann. § 34:11-4.2.

102.    The NJWPL requires an employer like Shimmick to pay all wages due to employees within 10 days after the end of the period in which the wages were earned. N.J. Stat. Ann. § 34:11-4.2.

103.    Shimmick knew it had to pay Bulger and the New Jersey Class members all wages due within the time provided by the NJWPL, but did not do so.

104.    Within the applicable limitations period, Shimmick had a policy and practice of failing to pay all wages due within the time period allowed under the NJWPL.

105.    As a result of Shimmick's failure to timely pay all wages due to Bulger and the New Jersey Class members, Shimmick violated the NJWPL.

106.    Bulger and the New Jersey Class members are entitled to their unpaid wages, liquidated damages of twice the amount of unpaid wages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJWPL, N.J. Stat. Ann. § 34:11-4.10(c).

### RELIEF SOUGHT

Bulger prays for judgment against Shimmick as follows:

a.    For an order certifying a collective action for the purposes of the FLSA claims;

b.    For an order certifying a class action for the purposes of the claims under New Jersey law;

c.    For an order finding Shimmick liable for violations of state and federal wage laws with respect to Bulger and all Similarly Situated Workers covered by this case;

d.    For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Bulger and all Similarly Situated Workers covered by this case;

e.    For a judgment awarding Bulger and all Similarly Situated Workers covered by this case their costs of this action;

f.    For a judgment awarding Bulger and all Similarly Situated Workers covered by this case their attorneys' fees;

g.    For a judgment awarding Bulger and all Similarly Situated Workers covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h.    For all such other and further relief as may be necessary and appropriate.

Date:   Sept. 26, 2022

Respectfully submitted,

**PARMET PC**

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**

**Attorneys for Plaintiff**

## JURY DEMAND

Bulger demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**